INFANTS—ACTIONS—ATTAINMENT OF MAJORITY PENDING ACTION.

The fact that it appeared on cross-examination of plaintiff that he was a minor when the action was commenced, but had reached his majority before trial, was no ground for dismissing the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infants, § 253.]

Appeals from Municipal Court, Borough of Manhattan, Eleventh District.

Actions by John McGarity against the New York City Railway Company. From a judgment in each case in favor of defendant, plaintiff appeals. Reversed, and new trials ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Harcourt Bull, for appellant.

A. C. Charles, for respondent.

DOWLING, J. At the time these actions were commenced the plaintiff was a minor. Before the day of trial he had become of full age. This latter fact appeared upon the cross-examination, and the defendant thereupon amended its answers by setting up want of capacity in plaintiff to sue, and moved to dismiss the complaints, which was granted. This was error. The omission to appoint a guardian for an infant plaintiff is at most an irregularity, and does not affect the jurisdiction of the court. Goodfriend v. Robins (Sup.) 92 N. Y. Supp. 240; Rima v. Rossie Iron Works, 120 N. Y. 433, 24 N. E. 940. The plaintiff having arrived at full age before the time of trial, the action should not have been dismissed. Smart v. Haring, 14 Hun, 276; Sims v. N. Y. College, 35 Hun, 344.

Judgments reversed, and new trials ordered, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs; DUGRO, J., taking no part.

---

(51 Misc. Rep. 576.)

HOLT v. ZWISOHN.

(Supreme Court, Appellate Term. November 14, 1906.)

EVIDENCE—CONTRACT BROUGHT OUT IN PART BY OTHER PARTY.

L. had a contract with Z. for printing a book, but, being unable to do it, contracted with plaintiff to do so; Z. being informed thereof. L. paid for 50 pages of the work, and plaintiff sued Z. for the remaining 80

pages. Plaintiff testified that, when L. called on him, L. had with him the contract between L. and Z., that it was shown to, read, and understood by plaintiff, and that his apportionment of the cost between L. and Z. was based on that contract and his construction of it. He explicitly referred to and identified it as the one he has based his calculations on, and cross-examined Z. as to its contents. *Held*, that Z. was entitled to introduce and have it before the court in its entirety.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Chauncey Holt against Esther Zwisohn. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Samson Friedlander, for appellant.

Frank L. Holt, for respondent.

DOWLING, J. Plaintiff sues to recover a balance due for printing a certain work on physiology, whereof Lazarus W. Zwisohn was the author. Plaintiff's original conversation was with one Lowe about July 10, 1904, when the latter told him he had not facilities for the printing of the work, and would like to have plaintiff finish it. Thereafter plaintiff called on Zwisohn and talked over the matter with him, discussing the size of the page and similar topics, and mentioning to him the price already agreed on with Lowe. Thereafter the work was completed, and Lowe paid for 50 pages of the work done, and for the remaining 88 pages, with costs of changes. and corrections, plaintiff brought suit against Zwisohn and obtained a judgment therefor. Upon the examination of said Zwisohn and of his wife, the defendant herein in proceedings supplementary to execution, it was disclosed, and for the first time brought to plaintiff's notice, that Esther Zwisohn, the defendant herein, was the real owner of the copyright on said book and of all rights thereunder, and had acquired the same prior to plaintiff's printing of the book upon her promise to pay the cost of such printing, and, further, that in the dealings with plaintiff Zwisohn was only his wife's agent. Thereupon plaintiff sued Esther Zwisohn as the undisclosed principal in the transaction.

There is but one error assigned which requires examination. Plaintiff testified that, when Lowe first called upon him, he had with him the agreement in writing between Lowe and Zwisohn; that the same was exhibited to him, plaintiff, and he read and understood it; that he charged Lowe for 50 pages of the work because the agreement so provided; in fine, that his apportionment of the cost between Lowe and Zwisohn was based entirely on that written agreement and his interpretation of its terms. He explicitly referred to the agreement, identified it as the same one he had based his calculations on, and Zwisohn was cross-examined by the plaintiff's counsel as to its contents; five questions being asked him thereupon and answered. Yet, when the agreement was twice offered in evidence by defendant's counsel, it was excluded and exception duly taken. This was error for which the judgment must be reversed. The agreement was material to the issue, having been exhibited to and read by plaintiff before he made any contract for the work. It was accepted and acted on

by plaintiff as the method of apportioning the cost between Lowe and Zwisohn. Defendant was entitled to have it before the court in its entirety, and should not be bound by plaintiff's interpretation of it, nor by the portion of it elicited on defendant's cross-examination.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.